IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CITIZENS STATE BANK and AMERICAN SOUTHWEST MORTGAGE FUNDING CORP., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )    Case No. CIV-19-828-C<br>) |
| BK EDGE, LP d/b/a REYNOLDS WILLIAMS GROUP, | )<br>)<br>) |
| Defendant. | ) |

# **ORDER**

In May of 2016, Plaintiff Citizens Bank contacted Defendant in Texas about performing a review of certain loans. The parties entered into an agreement and Defendant began its work as outlined in the agreement. Work was completed in August of 2016 and in February of 2019, Plaintiffs sued Defendant alleging breach of contract as well as tort claims. Defendant now seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(2) alleging the Court lacks personal jurisdiction over it.

A defendant may move for dismissal on the basis of a lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). If a defendant challenges the Court's jurisdiction, "'the plaintiff has the burden of proving jurisdiction exists.'" Benton v. Cameco Corp., 375 F.3d 1070, 1075 (10th Cir. 2004) (citing Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995)). In analyzing personal jurisdiction, the Court "'take[s] as true all well-pled (that is, plausible, non-conclusory, and non-speculative) facts alleged in plaintiff[']s complaint'" and "resolve[s] any factual disputes in the plaintiff's favor." Shrader v.

Biddinger, 633 F.3d 1235, 1239 (10th Cir. 2011) (quoting Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1069-70 (10th Cir. 2008)).

Personal jurisdiction over a nonresident defendant must be proper under the laws of both the forum state and the due process clause of the United States Constitution. Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1159 (10th Cir. 2010). Because Oklahoma's long-arm statute, 12 Okla. Stat. § 2004(F), "supports personal jurisdiction to the full extent constitutionally permitted, due process principles govern the inquiry." Shrader, 633 F.3d at 1239. The constitutional due process analysis requires the defendant to have sufficient "'"minimum contacts" with the forum state'" and for the exercise of personal jurisdiction over the defendant not to "'"offend traditional notions of fair play and substantial justice."'" Id. (quoting Dudnikov, 514 F.3d at 1070) (internal citation omitted). There are two ways to satisfy the "minimum contacts" test. If a defendant has continuous or systematic contacts with the forum state, the court may exercise general personal jurisdiction over the defendant. Even if the court cannot exercise jurisdiction over a nonresident defendant generally, the court may assert specific jurisdiction "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (internal quotations omitted).

Plaintiffs argue that Defendant's actions in Oklahoma are sufficient to support general jurisdiction. However, the evidence offered in support of Plaintiffs' position is

2

insufficient to support a finding of general jurisdiction. Thus, the analysis turns to whether specific jurisdiction is supported.

The first step in the specific jurisdiction analysis is whether Defendant purposefully directed its activities at Oklahoma, the forum state, and whether Plaintiffs' injuries arise out of those activities. In Dudnikov, the Tenth Circuit distilled the purposeful direction test set out by the Supreme Court in Calder v. Jones, 465 U.S. 783 (1984), into three factors: (1) "an intentional action" by the Defendants; (2) "that was . . . expressly aimed at the forum state"; (3) with the "knowledge that the brunt of the injury would be felt in the forum state." Dudnikov, 514 F.3d at 1072; see also Newsome, 722 F.3d at 1264-69 (applying the three-part Dudnikov test). The Court concludes that Plaintiffs have met all three of the Dudnikov/Calder factors with respect to Defendant.

Plaintiffs have made a prima facie showing that Defendant sought out business in Oklahoma. The state court Petition alleges that Defendant provided services in Oklahoma County and contracted with Plaintiffs in Oklahoma County. Further, the affidavit submitted in support of Defendant's Motion notes that Defendant responded to Plaintiffs' request by sending an engagement letter to Oklahoma. Plaintiffs' allegations of breach of contract and tort arise from the business conducted as a result of that engagement letter. The Court finds Defendant purposefully directed its actions towards Oklahoma.

The second factor to be considered is whether it is reasonable to exercise jurisdiction over Defendant. Because Plaintiffs have demonstrated that Defendant has sufficient

contacts with Oklahoma, the burden shifts to Defendant to "'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable,'" Pro Axess, Inc. v. Orlux Distribution, Inc., 428 F.3d 1270, 1280 (10th Cir. 2005) (quoting Burger King, 471 U.S. at 477), or that exercising personal jurisdiction over Defendant "would 'offend traditional notions of fair play and substantial justice.'" Dudnikov, 514 F.3d at 1080 (quoting Int'l Shoe v. Washington, 326 U.S. 310, 316 (1945)). Five factors govern the reasonableness of the Court's exercise of personal jurisdiction:

> "(1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies."

Pro Axess, 428 F3d at 1279-80 (quoting OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1095 (10th Cir. 1998)).

The Court finds that overall the factors weigh in Plaintiffs' favor. First, the burden on Defendant will be minimal as "the majority of the work required in order to mount an effective defense can, with the use of modern technology, be accomplished from Defendant's [Texas] offices." A to Z Machining Serv., LLC v. Nat'l Storm Shelter, LLC, Case No. CIV-10-422-C, 2010 WL 3081519, at *2 (W.D. Okla. Aug. 6, 2010). Next, Oklahoma has "'an important interest in providing a forum in which [its] residents can seek redress for injuries caused by out-of-state actors.'" AST Sports Sci., Inc. v. CLF Distrib. Ltd., 514 F.3d 1054, 1062 (10th Cir. 2008) (quoting OMI Holdings, 149 F.3d at 1096).

Although Plaintiffs could potentially pursue their claims effectively in Texas, Oklahoma is the most efficient forum, given that the wrong underlying the suit occurred in Oklahoma. The final factor is inapplicable, as the Court finds nothing to suggest that exercising jurisdiction will affect the substantive interests of Texas or any other state. Thus, it does not offend fair play to see that Defendant could reasonably anticipate being brought to Oklahoma to answer for alleged wrongs arising from the engagement letter.

## CONCLUSION

Accordingly, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 2) is DENIED.

IT IS SO ORDERED this 3rd day of December, 2019.

ROBIN J. CAUTHRON
United States District Judge